UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL WAYNE DAVIS ) | |
| Plaintiff, ) | |
| ) | No. 3 09 0542 |
| v. ) | (No. 3:09-mc-0105) |
| ) | Judge Echols |
| CPL. JENNIFER LAWMAN ) | |
| Defendant. ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Cpl. Jennifer Lawman, a member of the jail staff, seeking injunctive relief and damages.

In April, 2009, the plaintiff was moved from the Criminal Justice Center for an outside court date. In preparation for this move, the plaintiff packed his personal belongings for storage in the personal property room. Upon his return to the Criminal Justice Center, however, the plaintiff learned that the defendant had thrown all his personal property in the trash. The plaintiff claims that the loss of his property constitutes a violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. Hudson v. Palmer, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate Order will be entered dismissing this action.

Robert L. Echols
United States District Judge